Gbangeb, O. J.
In the absence of an express agreement to the contrary, whenever the insurance ceases in favor of the company, the premium ceases to accrue against the insured. Tyric v. Fletcher, Cowp., 668; May on Ins., sec. 4; Am. Ins. Co. v. Stoy, 41 Mich., 394.
Here the company claims that such an agreement existed, by reason of the reference to the charter and its incorporation into the contract. But the charter was to be “ used to explain the rights and obligations of the parties hereto in all cases not herein otherwise specially provided for.” The policy itself specially provided for the case of a default in the payment of any installment of the premium note, giving full effect to the stipulation set out in the application. *138 Taking policy and application together they told Matthews that, if he should fail to pay an installment when due, or within thirty days thereafter, the policy would be void, subject to revivor by payment — the company to be free from liability for any loss occurring during the interval of default. To add thereto an additional penalty, to require full payment.of premium for years in which the company was free from liability, would provide “ otherwise ” than as stated in the policy. A majority of the court are of Opinion that so much of the charter as makes the whole note due in case of a default in the payment of one installment did not form a part of the contract in this case. The supreme court of Michigan in American Ins. Co. v. Stoy, 41 Mich., 395, thus construed a similar policy, holding that the charter was “made apart of the policy for the purpose of explaining such rights and obligations of the parties as are not otherwise provided for by the terms of their agreement,” and that the application and policy fully and specially provided for the case of a default in the payment of an installment of premium, and the charter could neither enlarge, vary nor change' the written obligation.
The stipulations of the application and policy made the-policy null and void during the whole period of default. No provision was-made for a revivor save by the act of payment by the insured. Unless he should by his act restore its vitality it was to remain void. The premium note was part of the contract made by the policy, and was additional evidence of what the insured agreed to pay in consideration of the promises of the company. So soon as the policy became void the premium ceased to accrue, and the company lost the right to recover the unearned installments of the premium note. The policy constituted the contract between the parties. The application and notes were parts of it. To make the policy void was to, leave no contract between them in existence. To make it void until Matthews should pay the installments in default was to leave no contract between them except the stipulation, that he, by payment, might restore the contract. This suit was begun *139 while the policy was in 'this state of suspended animation. A majority of the court are of opinion that the insured was entitled to a credit on his note for the aggregate unearned premium, to wit, so much of the premium originally contracted for as covered the time dining which the policy was null and void.
The judgment of the district court and common pleasure reversed.
Dickman and Martin, JJ., dissented.